UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MARTIN THOMAS, individually and
on behalf of others similarly situated,

                Plaintiff,

V.

ECOLAB, INC.,

                Defendant.

JUDGE CROTTY

06 CV 1679

RECEIVED
MAR 02 2006
U.S.D.C. S.D.N.Y.
CASHIERS

**COMPLAINT**

## INTRODUCTION

1. The Defendant employed the Plaintiffs to apply pesticides. In that capacity, they regularly worked more than 40 hours per week for the Defendant. The Defendant unlawfully failed to pay them overtime compensation for the hours he worked more than 40 in a week.

2. The named Plaintiff brings this action for unpaid overtime as a collective action for similarly situated current and former employees nation-wide and as a class action for those employed in New York State.

## JURISDICTION

3. The United States Code, Title 29, section 216(b), part of the Fair Labor Standards Act ("FLSA") confers jurisdiction upon this Court, as does 28 U.S.C. §1331 because this action arises under laws of the United States and 28 U.S.C. §1337 because this action arises under Acts of Congress regulating commerce. Jurisdiction over the claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

4. This Court has supplemental jurisdiction over the state law claims by virtue of 28

U.S.C. §1367(a).

**VENUE**

5. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1). A substantial part of the events and omissions that give rise to the named Plaintiff's claim occurred in this District. Further, upon information and belief, the Defendant resides within this District.

**PARTIES**

**A.     The Plaintiff**

6. The named Plaintiff, Thomas Martin, was an employee of the Defendant. His Consent to Sue is attached at the back of this complaint.

7. He is a resident of New York.

8. The term "Plaintiffs" as used in this Complaint refers to the named Plaintiff and all current and former employees of the Defendant whose primary work responsibilities included application of pesticides at the Defendant's customers' places of business and who are not paid overtime compensation for hours worked more than 40 in a week.

9. The named Plaintiff brings this action as a collective action pursuant to the FLSA, 29 U.S.C. §216(b), on behalf of all Plaintiffs who were employed by the Defendant in the United States of America in the past 3 years.

10. The named Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all Plaintiffs who the Defendant employed in New York. Upon information and belief, the class is so numerous that joinder is impractical; there are questions of law or fact common to the class; the named Plaintiff's claims are typical

of those of the class as a whole; and the named Plaintiff will fairly and adequately protect the interests of the class. Pursuant to Fed. R. Civ. P. 23(b)(3), common questions of fact and law predominate over individual questions and a class action is a superior method for adjudicating this dispute.

11. Upon information and belief, the Defendant regularly engaged employees to apply pesticides and paid them on a salary plus commission basis without payment of overtime premium pay.

**B.  The Defendant**

12. ECOLAB, INC. is a corporation that is a global developer and marketer of premium cleaning, sanitizing, pest elimination, maintenance and repair products and services for the world's hospitality, institutional and industrial markets.

13. The Defendant lists its business address as Ecolab Center, St. Paul, Minnesota 55102.

14. Upon information and belief the Defendant corporation has gross revenues in excess of $500,000 for all relevant periods herein.

15. The Defendant routinely conducts business within the Southern District of New York.

16. Upon information and belief, the Defendant operates an enterprise engaged in commerce within the meaning of the FLSA.

17. For each of the 3 years preceding the filing of this Complaint, the Defendant has employed 2 or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

**FACTS**

18. The named Plaintiff began his employment with Defendant in or about December 1999, and ceased his employment in or about August 2003.

19. The named Plaintiff's job title was Pest Elimination Service Specialist, and his primary job duties included applying pesticides in the Defendant's customers places of business.

20. The named Plaintiff regularly worked more than 40 hours per week for the Defendant.

21. The Defendant failed to pay the named Plaintiff overtime compensation for all hours worked over 40.

22. The Defendant's failure to pay the named Plaintiff the proper wages required by law was willful.

23. All actions and omissions described in this complaint were made by the Defendant directly or through its supervisory employees and agents.

## CAUSE OF ACTION
## (OVERTIME)

24. The Defendant failed to pay premium overtime wages to the Plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 *et seq.* and its implementing regulations.

25. The Defendant's failure to comply with the FLSA caused the Plaintiffs to suffer loss of wages and interest thereon.

26. The Defendant failed to pay overtime and minimum wages to the Plaintiffs in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR §138-2.1 *et seq.*

27. The Defendant's failure to comply with the NY Labor Law minimum wage and overtime protections caused the Plaintiffs to suffer loss of wages and interest thereon.

**WHEREFORE**, the Plaintiffs request that this Court enter judgment or an order:

A. Declaring that the Defendant violated the Fair Labor Standards Act and New York Labor Law, Article 19;

B. Declaring that the Defendant's violations of the FLSA and New York Labor Law were willful;

C. Allowing this action to proceed as a class action under Fed. R. Civ. P. 23 on behalf of the New York class defined above;

D. Awarding damages for the claims of unpaid wages as secured by the FLSA as well as an equal amount in liquidated damages;

E. Awarding damages for the claims of unpaid wages as secured by Articles 6 and 19 of the New York Labor Law;

F. Awarding the Plaintiffs' costs, including expert witness expenses, and reasonable attorneys' fees; and

G. Granting such further relief as the Court finds just.

Dated: February 28, 2006

Respectfully Submitted,

Michael J.D. Sweeney, Esq. (MS-7959)
Getman Law Office
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370

ATTORNEY FOR PLAINTIFFS

# CONSENT TO SUE UNDER THE F.L.S.A.

I hereby consent to be a plaintiff in an action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, to secure any unpaid minimum wages, overtime, liquidated damages, attorneys' fees, costs and other relief arising out of my employment with Ecolab, Inc. and any other associated parties.

I authorize Dan Getman Esq., any associated attorneys as well as any successors or assigns, to represent me in such action.

Dated: 2/3/06

Signature

Martin Thomas (Printed)